FILED: 2/13/2025 2:58 PM
Anne Reed, District Clerk
Orange County, Texas
Envelope No. 97363389
Reviewed By: Justin Rhodes

CAUSE NO. 250053-C _____

| | | |
|---|---|---|
| SHANNON BURKE | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | OF ORANGE COUNTY |
| | § | |
| KROGER TEXAS L.P. | § | |
| *Defendant.* | § | 163rd ____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Shannon Burke ("Plaintiff") and files this his Original Petition over and against Kroger Texas L.P. ("Defendant"). In support thereof, Plaintiff would show as follows:

### I.    PARTIES

Your Plaintiff, at all material times herein, is a resident of Texas.

Defendant, Kroger Texas L.P., is a for-profit corporation authorized to do business in the state of Texas and is deemed a citizen of Texas. Said Defendant may be served by serving its registered agent: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

### II.    JURISDICTION AND VENUE

Your Plaintiff would show that jurisdiction and venue are both proper before this Honorable Court. Pursuant to TEX. CIV. PRAC. & REM. CODE 15.002(A)(1), all or a substantial part of the events or omissions giving rise to this cause of action occurred in Orange County, Texas. Although the amount of damages to be awarded to Plaintiff is a matter lying largely within the discretion of the jury, Plaintiff sues for monetary relief in excess of $250,000, but not more than $1,000,000.

**EXHIBIT A**

## III.    DISCOVERY CONTROL PLAN

Plaintiff intends discovery to be conducted pursuant to Level 3, as set forth and governed by the TEXAS RULES OF CIVIL PROCEDURE.

## IV.    BACKGROUND

This suit is brought by Plaintiff, Shannon Burke, for damages resulting from personal injuries he sustained and suffered on or about December 20, 2024, at the Kroger located at 1600 North 16th Street in Orange, Texas.

On or about December 20, 2024, Plaintiff was a customer and invitee of Kroger. Plaintiff was shopping for soda when he was tripped by a box that was left on the floor of the aisle by a Kroger employee. There were no warning signs present in the area of the store in question at the time of Plaintiff's fall, nor was the area cordoned off from customers. Due to Defendant's negligence, Plaintiff suffered serious and permanent injuries.

## V.    NEGLIGENCE

Defendant is vicariously liable for the negligence of its employees under the theory *respondeat superior* as, at all times material, Kroger employees, acting within the course and scope of said employment, and in the furtherance of said Defendant's business, at the time of the fall made the basis of this lawsuit, failed to keep the premises free of unreasonably dangerous conditions.

Defendant is directly and independently liable to Plaintiff for its own negligent acts and omissions as committed by it and its agents, employees, servants, and representatives. Defendant owed specific duties to Plaintiff as well as the customers of its store, said duties existing and created by common law, statutory law,

2

**EXHIBIT A**

and regulatory laws, rules, and regulations. Defendant breached these duties and is thus negligent in multiple ways including, but not limited to the following:

    a. Failing to give adequate and understandable warnings to Plaintiff of the dangerous condition;

    b. Failing to adequately warn Plaintiff and others of the dangerous condition upon which Plaintiff was injured;

    c. Negligently and carelessly failing to warn Plaintiff of the dangerous condition;

    d. Failing to place any warning signs or barricades;

    e. Failing to properly maintain the area in question;

    f. Failing to properly inspect the area in question;

    g. Creating the dangerous condition through its business activities;

    h. Failing to discover and remove the dangerous condition within a reasonable time;

    i. Failing to use the care of a reasonably prudent person (or business) under the same or similar circumstances;

    j. Failing to properly train employees who are under their (Defendant's) control and/or supervision;

    k. Failing to safely and adequately mark and/or warn of the area in which Plaintiff fell; and

    l. In committing other acts of omission and/or commission to be shown after and adequate time for discovery, and/or at the time of trial.

3

**EXHIBIT A**

The foregoing acts and/or omissions were a proximate and/or producing cause of the Plaintiff's injuries and damages.

## VI.    DAMAGES

As a direct, legal, and proximate cause of the Defendant's negligence herein, Plaintiff suffered severe and significant personal injuries. Plaintiff hereby sues for the recovery of the following elements of damages: medical and other health care-related expenses, past and future; physical pain and suffering, past and future; mental anguish, past and future; physical impairment, past and future; and physical disfigurement, past and future. Plaintiff also asserts his right to recover over and from Defendant any and all interest allowed by law, including pre- and post-judgment interest, along with court costs. Additionally, Plaintiff sues for all repair costs, loss of use, diminution of value, and other out of pocket expenses.

## VIII.    INITIAL DISCLOSURES AND NOTICE

Under Texas Rules of Civil Procedure 194, and in accordance with Rule 194.2(a), Plaintiff requests that the Defendant make its Initial Disclosures, within 30 days after the filing of the first answer, the information or material described in Rule 194.2(b). Additionally, Plaintiff hereby gives notice pursuant to Texas Rule of Civil Procedure 193.7 that he intends to use any document or other materials produced by the Defendant in response to written discovery.

## IX.    CONDITIONS PRECEDENT

Plaintiff alleges that all conditions precedent to the maintenance of this action have been met or satisfied, in accordance with Rule 54 of the Texas Rules of Civil Procedure.  Plaintiff fully reserves the right to amend or supplement this Petition.

4

**EXHIBIT A**

## X.    PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendant be cited to appear and answer herein, that upon final trial hereof, the Plaintiff recovers against Defendant all of Plaintiff's damages as set forth herein as well as pre- and post-judgment interest at the legal and lawful rate, all costs of court, and all other and further relief, at law or in equity, to which your Plaintiff may be justly entitled.

Respectfully Submitted,

**THE FERGUSON LAW FIRM, L.L.P.**

**Javier Cabanillas**
State Bar No. 24094234
3155 Executive Boulevard
Beaumont, Texas 77705
T. (409) 832-9700
F. (409) 832-9708
jcabanillas@thefergusonlawfirm.com
hlacey@thefergusonlawfirm.com

**ATTORNEY FOR PLAINTIFF**

**EXHIBIT A**